IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WASEEM DAKER,                    *
                                *
        Petitioner,             *
                                *
        v.                      *        CV 622-037
                                *
BRIAN ADAMS,                    *
                                *
        Respondent.             *
                                *

_____

**O R D E R**

_____

Before the Court are Petitioner's motion to consolidate cases, substitute a party, and transfer to the Northern District of Georgia (Doc. 71); motion to vacate (Doc. 75.); and motion to recuse (Doc. 86).

### I. MOTION TO VACATE

On May 9, 2023, the Court concurred with the Magistrate Judge's Report and Recommendation (the "R&R") (Doc. 64), denied Petitioner's motion for reconsideration (Doc. 63), adopted the R&R as the Court's opinion, and dismissed Petitioner's complaint without prejudice. (Doc. 67.) The Court determined Petitioner's failure to comply with the contempt bond was proper grounds for dismissal. (Id. at 1.) On June 30, 2023, Petitioner moved to vacate the Court's May 9, 2023 Order. (Doc. 75.) In his motion to vacate, which the Court construes as a motion for

reconsideration, Petitioner contends the Court erred by (1) dismissing the case without first ruling on Petitioner's motion to modify the injunction, similar to the one in this case, filed in another case; (2) dismissing this case without ruling on his motion for reconsideration in another case; (3) applying the filing restriction from the other case to this case; and (4) dismissing his case without first ruling on his objections to the Magistrate Judge's Order applying the contempt bond.  (Id. at 1.)

"Reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." Armbuster v. Rosenbloom, No. 1:15-cv-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016) (citation and internal quotation marks omitted); see also Spellman v. Haley, No. 97-T-640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling."). Because it "is not an appeal, . . . it is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through — rightly or wrongly." Armbuster, 2016 WL 1441467, at *1 (citation and internal quotation marks omitted).  It is well established that "additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Gougler v. Sirius Prods., Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citation omitted); see also Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239

2

(11th Cir. 1985) (cautioning against use of a motion for reconsideration to afford a litigant "two bites at the apple"). Furthermore, "the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). And, ultimately, "the decision to grant a motion for reconsideration 'is committed to the sound discretion of the district judge.'" Townsend v. Gray, 505 F. App'x 916, 917 (11th Cir. 2013) (quoting Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993)).

A court may reconsider a final order or judgment under Federal Rule of Civil Procedure 59 or 60. Petitioner does not specify under which Rule he is moving. "[I]f a motion is filed within twenty-eight days of judgment, the motion should be analyzed under Rule 59 . . . ." Brown v. Spells, No. 7:11-cv-91, 2011 WL 4543905, at *1 (M.D. Ga. Sept. 30, 2011); accord Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003). Petitioner moved for reconsideration on June 30, 2023, fifty-two days after the Court's May 9, 2023 Order. Thus, the Court analyzes the motion under Rule 60(b), which governs motions filed within a reasonable time. FED. R. CIV. P. 60(c)(1); see Mahone, 326 F.3d at 1178 n.1.

Rule 60(b) provides that a Court may relieve a party from judgment in a limited number of circumstances including: (1)

3

mistake or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) if the judgment is void; or (5) if the judgment has been satisfied.   FED. R. CIV. P. 60(b)(1)-(5).   The catchall provision of Rule 60(b) authorizes relief from judgment based on "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). Relief under Rule 60(b)(6) is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (citation omitted).

Petitioner's arguments do not justify relief under Rule 60(b). He points to no new evidence or "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). As to his first three arguments concerning the application of the contempt bond, Petitioner was instructed in another case to show cause why the filing restrictions imposed upon him in the Northern District of Georgia should not also be imposed in this District. Daker v. Ward, No. CV 622-036 (S.D. Ga. May 24, 2022) (Doc. 2, at 3-4). The Court found Petitioner's vexatious filing improperly burdened the Court and found his behavior here is no different from his behavior in other cases; thus, the imposition of a filing restriction was appropriate. (Doc. 61, at 2.) As to his fourth argument, the Court considered his objections as well as his motion to vacate the March 23, 2023 Order (Docs. 62, 63) and rejected these arguments. (Doc. 67, at 1-2.).   There was no error in

4

the contempt bond here.  For this reason, Petitioner's motion for reconsideration (Doc. 75) is **DENIED**.


## II. MOTION TO CONSOLIDATE, SUBSTITUTE, AND TRANSFER

Petitioner also moves to consolidate this case with other pending cases, substitute a party, and transfer this case to the Northern District of Georgia.  (Doc. 71.)  "If actions before the Court involve a common question of law or fact, the court may . . . consolidate the actions . . . ."  FED. R. CIV. P. 42(a)(2).  Because this case is closed, Petitioner's motion to consolidate is **DENIED AS MOOT**.  See Watkins v. Cap. City Bank, No. CV 314-039, 2014 WL 5364798, at *1 (S.D. Ga. Oct. 20, 2014) (denying as moot a motion to consolidate a suit that was no longer pending).  Likewise, since this case is closed, his motions to substitute and transfer are also **DENIED AS MOOT**.


## III. MOTION FOR RECUSAL

Finally, Petitioner moves for reconsideration of his motion to recuse.  (Doc. 86.)  However, no motion to recuse was previously filed in this case.  While the motion lists this case, it appears to apply to another of Petitioner's cases before the Court and has been filed here in error.  Accordingly, the Clerk is **DIRECTED** to **TERMINATE** this motion as **MOOT**.

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Petitioner's motion to consolidate cases, substitute a party, and transfer to the Northern District of Georgia (Doc. 71) is **DENIED AS MOOT;** Petitioner's motion to vacate (Doc. 75.) is **DENIED;** and Petitioner's motion to recuse (Doc. 86) is **DENIED AS MOOT.** The case stands closed.

**ORDER ENTERED** at Augusta, Georgia, this 20ᵗʰ day of February, 2024.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA