**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA STATESBORO DIVISION**

| | | |
|---|---|---|
| WASEEM DAKER, | * | |
| Petitioner, | * | |
| v. | * | CV 622-037 |
| BRIAN ADAMS, Warden, | * | |
| Respondent. | * | |

**O R D E R**

Before the Court are Petitioner's Motion to Vacate and Reconsider, his Motion for Leave to Appeal *in forma pauperis* ("IFP"), and Petitioner's "Declaration of payment of contempt bond" in case CV622-37. (Docs. 90, 98, & 99.)

On January 26, 2023, this Court permanently enjoined Petitioner from filing any new lawsuit or petition in this District without first posting a $1,500 contempt bond in addition to paying the filing fee. See Daker v. Ward, CV622-36, doc. 24 (S.D. Ga. January 26, 2023). Petitioner was instructed to "refrain from filing frivolous or duplicative pleadings or motions in this District," and he was warned that "his failure to so refrain may result in the imposition of additional sanctions." Id. at 6. The Court further warned:

> If any of Daker's filings are deemed frivolous or duplicative, the presiding judge may, after notice to Daker and an opportunity to respond, impose a contempt

> sanction against Daker to be paid from the contempt bond. In the event of such a sanction, Daker will not be allowed to file any further complaints or petitions unless and until the contempt bond is replenished to the amount of $1,500.

Id.

Then, in Daker v. Adams, CV620-115, doc. 114 (S.D. Ga. Aug. 26, 2024), after noting Petitioner's continuation of frivolous filings, this Court directed Petitioner to show cause as to why filing restrictions should not be imposed upon him, including having his filings placed in a miscellaneous file for tracking purposes, to be reviewed for frivolity and compliance with the injunction before docketing in any separate case. See id., p. 20. Petitioner responded to that Order on November 20, 2024. See CV620-115, docs. 119, 123 (S.D. Ga. Oct. 16, 2024). Additionally, pursuant to this Court's March 31, 2023 Order in CV620-115, Petitioner is no longer entitled to the "*automatic* presumption" that he has filed his papers on the date of signature, a concept also known as the prison mailbox rule. CV620-115, doc. 76 at 9-10 (S.D. Ga. Mar. 31, 2023). This holding is disputed by Petitioner in his filings and on appeal but remains the law of this Court. (See, e.g., doc. 86, pp. 4-19.) In CV620-115, the Court noted that Petitioner had not provided the indicia of timeliness which would mandate the Court apply the presumption, and that there was evidence which indicated that Petitioner's filings should not be considered timely, such as his historic

dishonesty. CV620-115, doc. 76 at 9-15 (S.D. Ga. Mar. 31, 2023). Therefore, before allowing the presumption to apply the Court directed the Magistrate Judge to conduct an inquiry into whether Petitioner was entitled to the prison mailbox rule's benefits.

In this case, the application of the presumption is moot, because, even assuming the signature dates constitute the filing dates, for the reasons identified below, all of his arguments fail.

## I. PROCEDURAL HISTORY

On March 23, 2023, the Court incorporated the injunction entered in CV622-36 into this case, directing Petitioner to pay a $1,500 contempt bond before this case could proceed. (See doc. 61.) Petitioner was directed to pay the required contempt bond or file objections to the application of the bond within fourteen days of that incorporation. (Id., p. 3.) On March 27, 2023, Petitioner filed his Objection, (doc. 62, p. 16), as well as a "Motion to Reconsider, Vacate, or Modify" the injunction, (doc. 63, p. 17.) On April 14, 2023, the Magistrate Judge recommended that this case be dismissed, rejecting Petitioner's arguments against the incorporation of the bond, and noting that Petitioner had not paid the contempt bond as directed. (Doc. 64.) Petitioner then filed a Motion to Consolidate Cases, Substitute Party, and Transfer his case to the Northern District of Georgia (herein referenced as "Motion to Consolidate"), which was not docketed until May 15, 2023. (Doc. 71 at 1 (signed May 2, 2023).) Before

the Court received and docketed his Motion to Consolidate, the Court adopted the Magistrate Judge's recommendation and dismissed Petitioner's case because of Petitioner's continued failure to pay the contempt bond. (See Doc. 67 (adopting Report and Recommendation, doc. 64, entered May 9, 2023).) In that Order, the Court determined Petitioner was not entitled to appeal IFP because any appeal would not be taken in good faith. (Id. at 2.) On June 6, 2023, Petitioner appealed the Order dismissing his case, the Clerk's Judgment, and the Amended Clerk's Judgment. (See doc. 76 (Notice of Appeal as to docs. 67, 68, and 69.) That same day, he filed a Motion to Vacate the Order Adopting the Magistrate Judge's Recommendation, (doc. 67). (Doc. 75.) Meanwhile, because his Motion to Consolidate remained pending despite dismissal given the discrepancy between signature date (and therefore, filing date[1]), and the docketing date of that Motion, Daker continued to file multiple responses and replies relating to his Motion to Consolidate despite this Court's previous dismissal of this case, and despite his appeal. (See, e.g., doc. 78, p. 3 (Signed, and therefore filed, on June 10, 2023).) Petitioner then filed a Motion for Recusal, which was dated May 15, 2023, and, according to Petitioner, was "refiled" in September 2023, but was not mailed

[1] See United States v. Carter, 411 Fed. App'x 242, 243 (11th Cir. 2011); but see Allen v. Gulliver, 471 F.3d 1196 (11th Cir. 2006) (holding that the district court had the discretion to inquire further concerning the alleged delivery of a prisoner's pleading and make a factual finding as to timeliness).

until October 30, 2023. (Doc. 86, (signature dates noted on pp. 21 & 22, mailing date noted on p. 23.)) The Court denied Petitioner's Motion to Vacate, (doc. 75), denied as moot Petitioner's Motion to Consolidate, (doc. 71), and denied as moot his Motion for Recusal, (doc. 86), given that the Recusal sought to "refile" a Motion which was never filed in this case. (Doc. 89.)

Petitioner then filed a motion, (doc. 90), seeking various forms of relief (herein the "Miscellaneous Motion"): a "supplemental" Motion to "modify" the filing injunction issued in CV622-36; a "supplemental" Motion to Vacate the judgment in CV622-36; and a Motion to Vacate and Reconsider the Order dismissing this case, (doc. 67), as well as the Judgment and Amended Judgment in this case, (docs. 68 & 69). (Doc. 90.) This Miscellaneous Motion, (doc. 90), remained pending during Petitioner's failed appeal, which was dismissed by the Eleventh Circuit Court of Appeals for failure to prosecute. (Doc. 91.) The Miscellaneous Motion, (doc. 90) remains pending today.[2] However, the Eleventh Circuit reinstated Petitioner's appeal on July 22, 2024 (Doc. 94). The Order reinstating Petitioner's appeal also granted his IFP motion. (Doc. 94, p. 3.)

---

[2] In CV620-115, the Court directed the Clerk to terminate this Motion upon entering the filing restriction order creating the miscellaneous case. Because Petitioner has not yet shown cause, that direction will be omitted from the order if Petitioner fails to meet his burden resulting in filing restrictions being imposed. See Daker, CV620-115, doc. 114, p. 21 (S.D. Ga. Aug. 26, 2024).

Confusing the matter more, Petitioner filed another notice of appeal, dated August 8, 2024, which denotes his intention to "refile" an unfiled and lost March 20, 2024 appeal. (Doc. 95 at 2.) Petitioner claimed that the March 20, 2024 appeal "was never received by the clerk of court" and appeared to have never been mailed by prison officials. (Id.) On August 16, 2024, the Court of Appeals sent Petitioner a docketing notice for his second appeal, as it had done for his first. (Docs. 97 & 81, respectively.) That notice directed Petitioner to either pay a filing fee or file a motion to proceed IFP in the district court, "[u]nless [such] requirements have already been satisfied." (Doc. 97, p. 1.) The notice also directed Petitioner to file an IFP motion in the Court of Appeals "[i]f the district court has denied the appellant IFP status on appeal." (Id.) Petitioner thereafter filed in this Court a motion to proceed IFP on August 27, 2024.[3] (Doc. 98.) Thus, because Petitioner's second Notice of Appeal not only applies to the Order closing the case and concomitant entries of judgment, (docs. 67, 68, 69), but also applies to the additional ruling arising from the post-judgment denial of his Motion to Consolidate, (doc. 71), his first Motion to Vacate, (doc. 75), and his Motion for Recusal, (doc. 86), it is, perhaps, unclear whether the Court's denial of IFP on appeal issued in its prior Order

[3] Petitioner's IFP motion was added to the docket on September 16, 2024, but Petitioner signed and dated the Motion on August 27, 2024. (Doc. 98, p. 2.)

closing the case, (doc. 67), applies to the second Notice of Appeal, (doc. 95). Thus, to the extent the Court must address his ability to appeal IFP regarding those additional issues, the Court returns to this IFP question as regards the novel issues raised in Petitioner's Second appeal while acknowledging and confirming its prior finding regarding the denial of IFP status on appeal articulated in its Order closing this case, (doc. 67).

**II. MOTION TO APPEAL IFP**

Pursuant to 28 U.S.C. § 1915(a)(1), a court may authorize an appeal of a civil action or proceeding without prepayment of fees or security therefore if the putative appellant has filed "an affidavit that includes a statement of all assets" and "state[s] the nature of the . . . appeal and [the] affiant's belief that the person is entitled to redress." If the trial court certifies in writing that the appeal is not taken in good faith, however, such appeal may not be taken *in forma pauperis*. 28 U.S.C. § 1915(a)(3). "'[G]ood faith' . . . must be judged by an objective standard." Coppedge v. United States, 369 U.S. 438, 445 (1962). A movant demonstrates good faith when he seeks review of a non-frivolous issue. Id.; see also Morris v. Ross, 663 F.2d 1032, 1033 (11th Cir. 1981). An issue "is frivolous if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002), overruled on other grounds by Hoever v. Marks, 933 F.3d 1353 (11th Cir. 2021). "Arguable means being

capable of being convincingly argued." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam) (quotation marks and citations omitted); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" Sun, 939 F.2d at 925 (citations omitted).

Even though Petitioner has provided meager argument as to the substantive issues he seeks to raise on appeal, review of the issues addressed in the Court's February 20, 2024 Order, (doc. 89) demonstrates that Petitioner's appeal is frivolous. See Hyche v. Christensen, 170 F.3d 769, 771 (7th Cir. 1999), overruled on other grounds by Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000) (explaining that the arguments to be advanced on appeal are often obvious and decisions regarding good faith can be made by looking at the "reasoning in the ruling sought to be appealed" instead of requiring a statement from the plaintiff). As to the Court's holding on his Motion to Vacate, (doc. 75), Petitioner has been told time and time again—by this Court and others—that his repeated filings of motions for reconsideration of orders are improper. See, e.g., Daker v. Adams, 2024 WL 4560059, at *3 (S.D. Ga. Aug.

26, 2024) ("[I]t is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through - rightly or wrongly."); see also Daker v. Bryson, 2019 WL 826474, at *2 (M.D. Ga. Feb. 21, 2019), aff'd, 848 F. App'x 884 (11th Cir. 2021) (Noting that "Plaintiff has blatantly ignored the Court's prior admonitions that motions for reconsideration should not be filed as a matter of routine practice and that they should not 're-assert[ ] the same arguments and evidence this Court previously considered in its original ruling.'"); see also Daker v. Dozier, 2017 WL 4797522, at *2 (M.D. Ga. Oct. 24, 2017) (cautioning Plaintiff that the Court would impose sanctions if Plaintiff continued to seek routine reconsideration of the Court's orders).

The Court denied Petitioner's Motion to Vacate, construed as a Motion for Reconsideration under Federal Rule of Civil Procedure 60(b) because he had not articulated any argument justifying relief under that rule.[4] (Doc. 89, p. 4.) He instead attempted to rehash his prior assertions. Thus, the Court denied his request and his further attempt to rehash those issues via a second Motion to Vacate and in the present Motion to Proceed IFP are likewise frivolous.

As he has done here, other courts have noted that Petitioner has "abused the system by repeatedly filing recusal motions." In

[4] The propriety of that construction is at issue on Petitioner's still-pending Motion to Vacate, doc. 90.

re Daker, 2018 WL 9986853, at *1 (N.D. Ga. July 20, 2018); see also Daker v. Ward, 2022 WL 17627833, at *2 n. 1 (S.D. Ga. Dec. 13, 2022)(noting that Magistrate Judges have routinely determined Daker's repeated and "utterly frivolous" recusal motions with approval from the Eleventh Circuit (citing Daker v. Poff, 4:16-CV-158-JRH-CLR, doc. 9 at 8 (July 25, 2016), aff'd, Daker v. United States, 787 F. App'x 678, 680 (11th Cir. 2019); Daker v. Robinson, 694 F. App'x 768, 770 (11th Cir. 2017) (affirming Magistrate Judges Order denying recusal)). In the present case, the Court construed Petitioner's Motion as seeking reconsideration of a Motion to Recuse. (See doc. 89, p. 5.) The Court found the Motion was entered in this case in error, given there was no prior Motion to recuse filed. (Id.) The nature of the filing was made clearer by the text of the Motion itself, which only mentions "recusal" in the heading, but otherwise does not, in fact, even seek recusal. (See doc. 86.) It is rather yet another Motion to Vacate, containing a laundry list of Petitioner's frustrations with the order given in Daker v. Adams, CV620-115, doc. 76 (S.D. Ga. March 31, 2023), a separate case wherein the undersigned found that Petitioner's abuse of the prison mailbox rule mandated that an inquiry be made into whether he was entitled to the prison mailbox rule, as discussed above. (See generally, doc. 86, p. 4 (arguing against the undersigned's holding in "Doc. 76 at 9-10" regarding Petitioner's "historical dishonesty" and its impact on whether he

is entitled to the benefit of the prison mailbox rule).) The arguments relevant to vacating the order in CV620-115 are clearly not relevant to this case. (See, e.g., id., p. 1 (Petitioner referenced "Doc. 76," as the basis for his need for reconsideration, but in this case, "Doc. 76" is Petitioner's own Notice of Appeal).) Petitioner has never made argument in support of recusal in this case, and consequently his appeal of the Order denying as moot his "refiled" Motion for Recusal is nonsensical. Finally, given the fact that the present Case was closed on May 9, 2023, and even accepting Petitioner's argument that the date of "refiling" his "Motion to Recuse" was in September 2023, Petitioner filed it well after the case's closure, (doc. 86, p. 22). Therefore, an appeal of the Order denying Petitioner's (post-judgment) so-called Motion for Recusal is not made in good faith.

Petitioner's appeal also seeks redress for this Court's Order on his Motion to Consolidate, (doc. 71). Again, the Court found Petitioner's Motion to Consolidate moot because by the time it was docketed and therefore before the Court for consideration, this case was closed. (Doc. 89, p. 5.) Even had the Motion been docketed prior to the close of this case, it is barely legible and lacks any legal support whatsoever. (See doc. 71.) Appeal of this Order is frivolous.

Petitioner's appeal, (doc. 95), therefore, is not brought in good faith. He has raised no issues with arguable merit.

Consequently, Plaintiff's application to appeal *in forma pauperis* (doc. 98) is **DENIED**.

**III. MISCELLANEOUS MOTION**

Additionally at issue is Petitioner's Miscellaneous Motion, signed February 25, 2024, which remains pending, *i.e.*, his "supplemental" Motion to Modify Filing Injunction in case CV622-36, his "supplemental" Motion to Vacate the Order, (doc. 33), in case CV622-36, and his "supplemental" Motion to Vacate and Reconsider the Judgment in this case, (doc. 90). As noted, that Motion was filed February 25, 2024, nine months after this case was closed on May 9, 2023. (See docs. 67 & 90, p. 15.) Even accepting as true Petitioner's alleged March 20, 2024 filing date of his second notice of appeal, Petitioner's Rule 59(e) Motion is well outside the 28 day time limit. See Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment."); see also docs. 67, 68, & 69 (Order Adopting R&R and closing case, Judgment, and Amended Judgment, respectively, all filed on May 9, 2023). Petitioner attempts to circumvent the deadline by asserting that the present Motion "supplements" the first. (Doc. 90, p. 4.) However, Petitioner has not cited any rule which allows a movant to file an out of time "supplement" to a previously filed Rule 59 Motion. Not only is such a procedure unavailable, Petitioner's continuous attempts to rehash issues in a closed case indicate that Petitioner

has no intention of heeding this Court's warning regarding his frivolous filing and vexatious tactics. This type of behavior underlies the need for the sanctions and is in direct contravention of the injunction.

Because the avenue which Petitioner wishes to exploit for filing his out of time Rule 59(e) Motion is nonexistent, his Motion to Vacate, (doc. 90) is **DISMISSED** as moot. The Court has additionally considered Petitioner's request as though it were one falling under Federal Rule 60, as well. However, it first notes that, because the Eleventh Circuit reinstated Petitioner's first appeal, this Court only retains jurisdiction to entertain and *deny* a Rule 60 motion. Mahone v. Ray, 326 F.3d 1176, 1180 (11th Cir. 2003) (citing Parks v. U.S. Life & Credit Corp.677 F.2d 838, 840 (11th Cir.1982) (citations omitted).

Moreover, despite the irregularity of this habeas case, which seeks release from Tier II confinement and not from prison, it remains grounded in the principles guiding those filed under 28 U.S.C. § 2254. Under that precedent, "[b]ecause a petitioner's attempt to reopen a final habeas judgment pursuant to Rule 60(b) is to be treated as an application to file a second or successive petition, it ordinarily should be dismissed by the district court pursuant to 28 U.S.C § 2244(b)(4)." Gonzalez v. Sec'y for Dep't of Corr., 366 F.3d 1253, 1277 (11th Cir. 2004), aff'd on other

grounds sub nom. Gonzalez v. Crosby, 545 U.S. 524 (2005).[5] Furthermore, "before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C.A. § 2244(b)(3)(A). Petitioner has not done so, and therefore, his Rule 60 Motion, properly viewed as a successive application, fails.

There are two exceptions in which a petitioner might be permitted to file a Rule 60 motion and have it treated by the district court as a motion under that rule instead of as a second or successive petition which is not authorized by the appellate court pursuant to 28 U.S.C. § 2244(b)(3)(A)). Petitioner does not contend that either of these exceptions apply by claiming there has been a clerical error in the final judgment denying him federal habeas relief, or by asserting that fraud was used to obtain the judgment. See Gonzalez, 366 F.3d at 1281. Therefore, he does not meet either exception, and consequently, even when the Court considers his Motion to Vacate, (doc. 90) as one falling under Fed. R. Civ. P. 60, it is **DENIED.**[6]

---

[5] See also id. ("Of course, if the grounds of relief stated in the Rule 60(b) motion satisfy the stringent requirements of § 2244(b)(1) & (2), the petitioner should put those grounds in a habeas petition and move under § 2244(b)(3)(A) for an order from the court of appeals authorizing the district court to consider it.")

[6] This Motion seeks relief from orders issued in other cases. (See doc. 90, p. 2-3.) Relief is denied as relevant to the motion presented in this case—that which seeks reconsideration of the so-called "retroactive" application of the filing injunction in this case only. As to the other requests, relief is

Finally, there is the issue of Petitioner's "Declaration" of his payment of the contempt bond, which he cross-docketed in this case as well as in cases CV620-115 and CV622-36 pursuant to the Injunction order issued in CV622-36. Petitioner's payment of this money is untimely. The Court's March 23, 2023 Order incorporating the CV622-36 Injunction Order instructed Petitioner that he must deposit the $1500 contempt bond within fourteen days of the date of the Order. (See doc. 61.) Petitioner's belated payment of these funds does not resurrect any of the cases which have been closed in this district. Because Petitioner has no open cases in the District, the bond was not necessary. (See doc. 61 at 2; see also Daker, CV622-36, doc. 24, p. 6 (S.D. Ga. Jan. 26, 2023) (Daker is PERMANENTLY ENJOINED from filing any new lawsuit or petition in this District without first posting a $1,500 contempt bond in addition to paying the required filing fee.").) However, as noted, Petitioner has violated the injunction order by, *inter alia*, filing frivolous post-judgment motions in this case. Since his first Notice of Appeal on June 6, 2023, Petitioner has filed ten post-judgment documents, including the Motion to Vacate, (doc. 75), which he filed simultaneously with his Notice of Appeal. This vexatiousness constitutes a violation of the permanent injunction and delays the progress of his appeal. Therefore, pursuant to the

---

dismissed as moot in this case because it has already been considered in the other case, CV622-36.

terms of the Injunction, sanctions are warranted. (See doc. 61 ("If any of Daker's filings are deemed frivolous or duplicative, the presiding judge may, after notice to Daker and an opportunity to respond, impose a contempt sanction against Daker to be paid from the contempt bond.").) However, given Petitioner's "Declaration" of payment of the contempt bond was cross-docketed, (see doc. 99); see also Daker, CV620-115, doc. 116 (S.D. Ga. Sept. 24, 2024); Daker, CV622-36, doc. 44 (S.D. Ga. Sept. 24, 2024), and because Petitioner's behavior in this case is not unique to this case, the Court will assess the sanction upon reviewing Petitioner's response to the show cause order pertaining to filing restrictions in case CV620-115. See Daker, CV620-115, doc. 114 (S.D. Ga. Aug. 26, 2024).

**ORDER ENTERED** at Augusta, Georgia, this 22nd day of November, 2024.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA